UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15CV-P164-GNS

**CECIL DION DIAMOND**                                                                   **PLAINTIFF**

v.

**MARILYN JACKSON** *et al.*                                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Cecil Dion Diamond filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff was a convicted inmate at the Hickman County Detention Center at the time he filed the complaint. His claims concern his previous incarceration at the Christian County Jail (CCJ). He sues Marilyn Jackson, whom he identifies as the "Head Cook" at CCJ in her individual and official capacities; Steve Howard, whom he identifies as a colonel at CCJ in his official capacity only; and Brad Boyd, the Jailer of CCJ. He does not identify in which capacity he sues Defendant Boyd.

Plaintiff states that on February 26, 2015, "Ms. Jackson slap me in the face while working in the kitchen." He maintains that Defendant Howard took his statement but did not have a nurse look at his face or take pictures of his face after the incident took place. He states that he was put on lockdown and put on third shift "so I could not talk to anybody, or see anyone, but I told my co-worker and he saw my face, and so did officer Grimes." Plaintiff further represents that Defendant Boyd did not sign off on his grievance and stopped responding to his

"memos." He also states that Defendant Boyd "never checked on me or came and talked to me about what happen, . . . he did not follow Jail staff personnel policy, he didn't do an Investigation which I feel resulted in me losing my good time credit an not be placed some were I could continue to work." Plaintiff maintains that "I lost my good time credit I was locked down and . . . I was shipped to Hickman County a Class D facility were I was not allowed to work and earn my work credit." He further states, "And now that I'm here at Hickman Co. I haven't been able to sleep havin bad dreams nightmares ask to see the doctor but haven't got to see one, have hard time copeing with what has happen . . . ." As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff attaches to his complaint a letter from the Christian County Attorney sent to him in response to a criminal complaint he filed against Defendant Jackson. The letter states the following:

> In summary, your witnesses agree that a fellow inmate . . . was pouring cooking oil into a large vat containing corn meal batter for which Ms. Jackson was preparing corn bread for an upcoming meal at the jail. You admittedly took your knee and pushed the box of oil held by a fellow inmate to cause an excessive amount of the oil to be placed in the batter. You did this despite Ms. Jackson's protest about pouring excessive amount of oil in the batter. Upon discovering your actions, Ms. Jackson reactively slapped you on the face. I agree with you that the contact to your face by Ms. Jackson was inappropriate in nature. It is our understanding that the jail will take appropriate administrative action against Ms. Jackson in accordance with the jail staff personnel policy.
>
> At the same time, [the] investigation indicates that you received no injury as a result of the contact. The criminal charge of "Assault" requires physical injury as a result of the contact in order to constitute a crime.

The letter concludes that the County Attorney declined to prosecute Defendant Jackson on this basis but directed the Jailer to take administrative steps to assure that the behavior would not be repeated.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *A. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer, in this case Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Plaintiff sues Defendants Jackson and Howard in their official capacities. While Plaintiff does not identify in which capacity he sues Defendant Boyd, because official-capacity claims are construed as brought against a defendant's employer, the same analysis applies to all three Defendants.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*,

4

*Tex.*, 503 U.S. 115, 120 (1992). The Court will first examine the second issue.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Upon review of the complaint, Plaintiff has not alleged that any Defendant acted pursuant to a municipal policy or custom in causing his alleged harm. In fact, the complaint states that Defendant Boyd did not follow jail policy in handling the alleged incident. Plaintiff's complaint appears to allege an isolated event affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Accordingly, Plaintiff's official-capacity claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

### 1. Eighth Amendment

The Court construes Plaintiff's claim against Defendant Jackson that she slapped him in the face as a claim alleging cruel and unusual punishment in violation of the Eighth Amendment. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994*); see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute, courts have required that a prisoner have suffered an injury that is more than *de minimis*; injuries that are merely *de minimis* do not satisfy the requirement of § 1997e(e). *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Plaintiff does not allege that Defendant Jackson's slap to his face caused him a physical injury or gave rise to any ongoing medical problem. Moreover, the letter attached to the complaint written by the Christian County Attorney makes clear that Plaintiff was not injured by the slap. Because Plaintiff cannot establish any physical injury, the individual-capacity claim against Defendant Jackson will be dismissed for failure to state a claim upon which relief may be granted.

*2. Retaliation*

Plaintiff claims that after he was slapped by Defendant Jackson he was moved to third shift and later transferred out of CCJ which resulted in a loss of good-time credit. While the claim is not entirely clear, construing the complaint broadly as the Court is required to do at this stage, the Court will construe the allegations as a claim for retaliation.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[R]outine inconveniences of prison life [] do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011).

The Court will construe the claims as alleging that Plaintiff's grievances and other complaints concerning the slapping incident led to the alleged retaliation. For purposes of initial review, the Court will assume that Plaintiff has alleged sufficiently that he engaged in protected conduct. However, removing Plaintiff from his prison job is not an "adverse action" under the retaliation standard. *See Bailey v. Ingram*, No. 5:14-279-DCR, 2014 U.S. Dist. LEXIS 152493, at *13 (E.D. Ky. Oct. 24, 2014) (holding that "the removal of a prisoner from his prison job has generally been held not to constitute 'adverse action' under the retaliation analysis") (citing *Jewell v. Leroux*, 20 F. App'x 375, 377 (6th Cir. 2001)); *Davis v. Walton*, No. 1:12-CV-258,

2013 U.S. Dist. LEXIS 184468, at *22 (W.D. Mich. Jan. 29, 2014) (dismissing retaliation claim and finding that "prisoners have no constitutionally protected liberty or property interest in prison employment under the Fourteenth Amendment") (internal citations omitted); *Neal v. Nowack*, No. 09-12859, 2010 U.S. Dist. LEXIS 85306, at *10 (E.D. Mich. July 9, 2010) (dismissing retaliation claim and finding that "[a]s a general rule, a prisoner has no constitutional right to a prison job or a particular prison program") (internal citations omitted). Likewise, prisoners do not have a liberty interest in earning good-time credit. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (inmate has no liberty interest in earing good-time credits or participation in rehabilitative programs). Moreover, Plaintiff's transfer to the Hickman County Detention Center does not give rise to an adverse action under the retaliation standard. "[O]rdinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) (citing *Smith v. Yarrow*, 78 F. App'x 529, 543-44 (6th Cir. 2003)). Therefore, Plaintiff fails to establish an "adverse action" taken against him to give rise to a retaliation claim and thus fails to allege a constitutional violation.

Furthermore, to the extent Plaintiff argues that he lost good-time credit, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (rejecting prisoners' § 1983 claims challenging the deprivation of their good-time credits). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action

8

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because a determination that Defendants violated Plaintiff's constitutional rights in depriving him of good-time credits would necessarily demonstrate the invalidity of the duration of his confinement and result in a speedier or immediate release, his sole remedy for his claims challenging the denial of good-time credits is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition for writ of habeas corpus. The § 1983 claims related to the denial of good-time credits, therefore, must be dismissed.

Accordingly, Plaintiff's individual-capacity claims against Defendants Howard and Boyd for retaliation will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Grievances and failure to act

Plaintiff states that he filed a grievance but that Defendant Howard did not respond to it and Defendant Boyd never "signed off" on it. He also states that Boyd stopped responding to his "memos," failed to investigate the incident, and did not follow jail personnel policy in handling the incident.

With respect to Plaintiff's claims that Defendant Howards and Boyd failed to respond and/or act on Plaintiff's grievance, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir.

9

2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Therefore, Plaintiff's § 1983 claims against Defendants Howard and Boyd concerning the handling of his grievance will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent that Plaintiff may be seeking to bring a claim against either of these Defendants based on their failure to act in their roles as supervisors, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728

(6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Here, Plaintiff fails to demonstrate any facts showing that Defendant Howard or Boyd directly participated in any unconstitutional conduct, and their alleged failure to act does not give rise to a constitutional claim.

Moreover, with regard to Plaintiff's claim that Defendant Boyd failed to follow jail personnel policy in handling the incident, failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).

Accordingly, the individual-capacity claims under § 1983 against Defendants Howard and Boyd must be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: February 1, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Christian County Attorney
4416.010